IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 09-CR-10030 |
| ) | |
| ALI SALEH KAHLAH AL-MARRI, ) | |
| ) | |
| Defendant. ) | |

### SECOND PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND RULE 16(d)(1) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

This action is before the Court on the Government's Second Classified *In Camera, Ex Parte* Motion for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. App. 3, and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, supporting declaration and accompanying exhibits (hereinafter, the "Submission"), filed with the Court on August 27, 2009.

The Court conducted an *in camera, ex parte* inspection and consideration of the Submission, including an *ex parte* phone conference with Department of Justice attorneys Joanna Baltes and Sharon Lever on September 1, 2009. The Court has made certain suggestions to the government regarding the scope of the information to be provided to the defense. The government has made the proposed changes. The Court finds, pursuant to Section 4 of CIPA and Rule 16(d)(1), that the Government's Submission contains classified information that requires protection against unauthorized disclosure for reasons of national security. Specifically, the Court finds that disclosure of the Classified documents to the defense, or to the public, reasonably could be expected to cause serious damage to national security.

The First Amendment right of access to court documents may be curtailed in favor of a

compelling governmental interest provided that the limitation on access if "narrowly tailored to serve that interest."  GlovB Newspaper Co. v. Superior Ct., 457 U.S. 596, 606-607, (1982); see also, Press-Enterprise Co. v. Superior Ct., 464 U.S. 501, 510 (1984)("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."); Nixon v. Warner Communication Inc., 435 U.S. 589, 598 (1978) (common law right of access may be outweighed by an important competing interest).  The Court finds that the Government's interest in protecting the national security and preventing the unnecessary dissemination of classified information outweighs the defendant's and/or the public's right of access to these materials.  See, Haig v. Agee, 453 U.S. 280, 307 (1981)("[N]o governmental interest is more compelling than the security of the Nation."); Snepp v. United States, 444 U.S. 507, 509 n.3 (1980)("The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service.").

      The Court further finds that the Government's Submission is so interrelated with classified information, as to make impracticable the filing of meaningful redacted materials that do not divulge classified information.  No less reasonable alternative to closure and sealing will protect the Government's interest in preventing the unauthorized dissemination of this information, and this sealing order is drawn as narrowly as possible under the circumstances. The Government, in its motion and Submission, seeks a protective order authorizing the government to summarize certain classified documents to be provided to the defense in discovery.   The original classified documents contain classified information that is not discoverable under applicable law. Disclosure of the motion or accompanying materials to the defense or the public would defeat the Government's purpose in seeking a protective order.

Therefore, IT IS HEREBY ORDERED, that the Government's Submission may be filed *ex parte* for *in camera* consideration and shall be sealed and maintained in a facility appropriate for the storage of classified information at the identified level by the Court Security Officer as the designee of the Clerk of the Court, in accordance with established security procedures, until further order of this Court.

After *ex parte*, *in camera* inspection and consideration of the Submission,

IT IS HEREBY ORDERED THAT the Government's motion is GRANTED pursuant to Section 4 of CIPA and Rule 16(d)(1).

The Court finds that the classified information sought to be protected is either not discoverable under Brady v. Maryland, 373 U.S. 1194 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny, or Federal Rule of Criminal Procedure 16; or that such discovery value is outweighed by the potential danger to national security that might ensue after disclosure.

IT IS HEREBY ORDERED that the Government is authorized to provide the following summaries attached to the Submission: 1) summary of the March 11, 2004 interrogation session; 2) summary of time frame and duration of interrogation sessions; 3) where appropriate to clarify other documents provided to the defense, which include a summary of documents dated September 14, 2003 and December 8, 2003, and 4) summary of the DIA OIG report regarding the destruction of interrogation tapes. The Government need not disclose to the defense the original classified materials described in the Submission.

IT IS SO ORDERED, this 10th day of September, 2009.

                                            s/ Michael M. Mihm
                                            HONORABLE MICHAEL M. MIHM
                                            UNITED STATES DISTRICT COURT