IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 09-CR-10030 |
| ) | |
| ALI SALEH KAHLAH AL-MARRI, ) | |
| ) | |
| Defendant. ) | |

**SENTENCING MEMORANDUM**

On October 29, 2009, at the end of a two day sentencing hearing, the Court sentenced the defendant to a term of imprisonment of 100 months. At that time the Court explained in great detail the reasoning for that sentence.

The following points are intended to concisely state the Court's reasoning for that sentence:

1) Defendant entered a plea of guilty to Count 1 of an indictment charging Conspiracy to Provide Material Support and Resources to a Foreign Terrorist Organization (al-Qaeda). 18 U.S.C. §2339B(a)(1). The Government agreed to dismiss Count 2, charging Providing Material Support and Resources to a Foreign Terrorist Organization (al-Qaeda), in return for defendant's plea of guilty to Count 1.

2) Even though the adjusted custody Guideline Range as determined by the Court was 292-360 months, the statutory maximum custody sentence for Count 1 is 15 years, or 180 months. The Court noted at sentencing that the 15 year maximum for this crime is not nearly high enough.

3) Even if defendant had pleaded guilty to both counts, the Court would have been limited by the same 15 year maximum sentence. The conduct the defendant was charged with in Count 2

was the same conduct that the defendant was charged with in Count 1, so in the Court's opinion, a consecutive sentence would not have been appropriate.

    4) Beginning with the 180 month statutory maximum, the Court reduced the period of confinement in two respects:

>   a) The Court reduced the sentence by 71 months to reflect the periods of time for which he will not be credited by the Bureau of Prisons. This includes his detention as a Material Witness, from 12/12/01 to 1/27/02, and his detention as an Enemy Combatant, from 6/23/03 to 3/09/09.

The Court believed that it was necessary to reduce defendant's sentence for those 71 months because his detention as a Material Witness and as an Enemy Combatant involved the same conduct with which he was charged in this indictment. Said reduction was necessary in order for the sentence to "reflect just punishment for the offense." 18 U.S.C. §3553(a)(2)(A).

>   b) The Court reduced the defendant's sentence by an additional 9 months to reflect the very severe conditions of part of his confinement at the Naval Brig in Charleston, South Carolina, from 6/23/03 until the late Fall of 2004. U.S. Sentencing Guidelines, §5K2.1.

Entered this 2nd day of November, 2009.

                                    s/ Michael M. Mihm
                                    MICHAEL M. MIHM
                                    U.S. DISTRICT JUDGE